# EXHIBIT A



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

## MARIA AND SEAN MURPHY
Plaintiff

vs.

Case Number   **2016 CA 007514 B**

OMNI HOTELS MANAGEMENT CORP., d/b/a OMNI SHOREHAM HOTEL

Defendant

Corporation Service Company

1090 Vermont Ave., NW Washington, DC 20005   **SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Matthew A. Nace, Esq.

Name of Plaintiff's Attorney

1615 New Hampshire Ave., NW

Address

Washington, DC 20009

202-463-1999

Telephone

如需翻译请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화주십시오     ለትርጉም ያስፈልግዎት ከሆነ (202) 879-4828 ይደውሉ

Clerk of the Court

By _____

Deputy Clerk

Date   **10/13/2016**

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español





## TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
### DIVISIÓN CIVIL
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Teléfono: (202) 879-1133**

_____
                        Demandante

contra                                          Número de Caso:

_____
                        Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                         *SECRETARIO DEL TRIBUNAL*

Nombre del abogado del Demandante

                            Por _____
Dirección                                         Subsecretario


                            Fecha _____
Teléfono

如果需要翻译, 请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bản dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요.                        ለትርጉም እባክዎ ይደውሉ (202) 879-4828 ይደውሉ


IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

                                                            CASUM.doc

# Superior Court of the District of Columbia

### CIVIL DIVISION- CIVIL ACTIONS BRANCH
### INFORMATION SHEET

| | |
|---|---|
| MARIA AND SEAN MURPHY | Case Number: **2016 CA 007514 B** |
| vs | Date: |
| OMNI HOTELS MANAGEMENT CORP., d/b/a OMNI SHOREHAM HOTEL | ☐ One of the defendants is being sued in their official capacity. |

| Name: *(Please Print)* | Relationship to Lawsuit |
|---|---|
| Matthew A. Nace, Esq. | ☒ Attorney for Plaintiff |
| Firm Name: | |
| Paulson & Nace, PLLC | ☐ Self (Pro Se) |
| Telephone No.:   Six digit Unified Bar No.: | ☐ Other: |
| 202-463-1999           1011968 | |

TYPE OF CASE:  ☐ Non-Jury      ☒ 6 Person Jury      ☐ 12 Person Jury
Demand: $ Excess of $100,000.00                         Other:

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:                          Judge:                       Calendar #:

Case No.:                          Judge:                       Calendar#:

---

**NATURE OF SUIT:**     *(Check One Box Only)*

**A. CONTRACTS**                                                         **COLLECTION CASES**

| | | |
|---|---|---|
| ☐ 01 Breach of Contract | ☐ 07 Personal Property | ☐ 14 Under $25,000 Pltf. Grants Consent |
| ☐ 02 Breach of Warranty | ☐ 09 Real Property-Real Estate | ☐ 16 Under $25,000 Consent Denied |
| ☐ 06 Negotiable Instrument | ☐ 12 Specific Performance | ☐ 17 OVER $25,000 |
| ☐ 15 Special Education Fees | ☐ 13 Employment Discrimination | |

**B. PROPERTY TORTS**

| | | |
|---|---|---|
| ☐ 01 Automobile | ☐ 03 Destruction of Private Property | ☐ 05 Trespass |
| ☐ 02 Conversion | ☐ 04 Property Damage | ☐ 06 Traffic Adjudication |
| ☐ 07 Shoplifting, D.C. Code § 27-102 (a) | | |

**C. PERSONAL TORTS**

| | | |
|---|---|---|
| ☐ 01 Abuse of Process | ☐ 09 Harassment | ☒ 17 Personal Injury- (Not Automobile, |
| ☐ 02 Alienation of Affection | ☐ 10 Invasion of Privacy | Not Malpractice) |
| ☐ 03 Assault and Battery | ☐ 11 Libel and Slander | ☐ 18 Wrongful Death (Not Malpractice) |
| ☐ 04 Automobile- Personal Injury | ☐ 12 Malicious Interference | ☐ 19 Wrongful Eviction |
| ☐ 05 Deceit (Misrepresentation) | ☐ 13 Malicious Prosecution | ☐ 20 Friendly Suit |
| ☐ 06 False Accusation | ☐ 14 Malpractice Legal | ☐ 21 Asbestos |
| ☐ 07 False Arrest | ☐ 15 Malpractice Medical (Including Wrongful Death) | ☐ 22 Toxic/Mass Torts |
| ☐ 08 Fraud | ☐ 16 Negligence- (Not Automobile, | ☐ 23 Tobacco |
| | Not Malpractice) | ☐ 24 Lead Paint |

SEE REVERSE SIDE AND CHECK HERE ☐   IF USED

CV-496/Aug 12

# Information Sheet, Continued

**C. OTHERS**

**I.**

- [ ] 01. Accounting
- [ ] 02. Att. Before Judgment
- [ ] 04. Condemnation (Emin. Domain)
- [ ] 05. Ejectment
- [ ] 07. Insurance/Subrogation Under $25,000 Pltf. Grants Consent
- [ ] 08. Quiet Title
- [ ] 09. Special Writ/Warrants (DC Code § 11-941)

- [ ] 10. T.R.O./Injunction
- [ ] 11. Writ of Replevin
- [ ] 12. Enforce Mechanics Lien
- [ ] 16. Declaratory Judgment
- [ ] 17. Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- [ ] 18. Product Liability
- [ ] 24. Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)

- [ ] 25. Liens: Tax/Water Consent Granted
- [ ] 26. Insurance/ Subrogation. Under $25,000 Consent Denied
- [ ] 27. Insurance/Subrogation. Over $25,000
- [ ] 28. Motion to Confirm Arbitration Award (Collection Cases Only)
- [ ] 26. Merit Personnel Act (OHR)
- [ ] 30. Liens: Tax/ Water Consent Denied
- [ ] 31. Housing Code Regulations

**II.**

- [ ] 03. Change of Name
- [ ] 06. Foreign Judgment
- [ ] 13. Correction of Birth Certificate
- [ ] 14. Correction of Marriage Certificate

- [ ] 15. Libel of Information
- [ ] 19. Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-1519 (a)]
- [ ] 20. Master Meter (D.C. Code § 42-3301, et seq.)

- [ ] 21. Petition for Subpoena [Rule 28-I (b)]
- [ ] 22. Release Mechanics Lien
- [ ] 23. Rule 27(a) (1) (Perpetuate Testimony)
- [ ] 24. Petition for Structured Settlement
- [ ] 25. Petition for Liquidation

_____
Attorney's Signature

_10/ 13/16_____
Date

Filed
D.C. Superior Court
10/13/2016 15:23RM
Clerk of the Court

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

MARIA AND SEAN MURPHY,
1324 NE 24th Street
Wilton Manors, FL 33305

        Plaintiffs,

v.

OMNI HOTELS MANAGEMENT
CORPORATION, d/b/a OMNI SHOREHAM
HOTEL
2500 Calvert Street, NW
Washington, DC 20008

        Serve:
        Corporation Service Company
        1090 Vermont Ave., NW
        Washington, DC 20005

        Defendant.

Case No.  **2016 CA 007514 B**

## COMPLAINT

*COME NOW*, Plaintiffs, by and through the undersigned counsel, and file this complaint, and for this cause of action states:

## JURISDICTION

1.    Jurisdiction of this court is invoked pursuant to D.C. Code § 11-921, and by virtue of the fact that all acts and omissions complained of occurred within the District of Columbia.

2.    Venue in this court is proper since the cause of action arose in the District of Columbia.

## PARTIES

3.    Maria and Sean Murphy, hereinafter "Plaintiffs," are and, at all times relevant to this action, were adult residents of the State of Florida.

4.      Plaintiffs were at all times relevant to this action married.

5.      Omni Hotels Management Corporation is, and at all times relevant to this action, was a company doing business in the District of Columbia, and in this regard owned, operated and maintained the Omni Shoreham Hotel located at 2500 Calvert Street, N.W.; Washington, DC 20008.

## BACKGROUND

6.      This action arises out of injuries sustained by Maria Murphy during her stay at the Omni Shoreham Hotel located at 2500 Calvert Street, NW in Washington, D.C.

7.      At all times relevant to this action, Plaintiffs were invitees of Defendant Omni.

8.      Upon information and belief, throughout the years Defendant Omni has been well aware that the entrance stairwell has presented a dangerous and inherently hazardous condition to its invitees, including but not limited to multiple falls on the questionable staircase on February 21, 2015.

9.      On August 30, 2015, Plaintiff and her husband checked into the Omni.

10.     On August 30, 2015, the day they arrived, Plaintiff was walking down the far right portion of the stair case that was located directly after the entrance and lead to the hotel lobby floor.

11.     The stairs are/were a shiny, marble surface and it is/was unclear where each of the steps ended and the next began.

12.     Mrs. Murphy, while exercising due care at all times, was incapable of appreciating the distinction of the stairs and miss-stepped on the last stair.

13.     Mrs. Murphy then felt her legs give out from underneath her and violently crashed to the floor.

14. The staircase and adjourning floor were in the exclusive control of the defendant, its agents, servants, and/or employees.

15. Plaintiff was transported to Georgetown Medical Hospital to be evaluated.

16. She was noted to have a chief complaint of right hip and ankle pain rated 10/10 in pain.

17. After she underwent radiology studies and other diagnostic procedures, she was diagnosed with a lateral malleolar fracture to her ankle and placed in a splint. She also was prescribed oxycodone for her pain.

18. On September 2, 2015, when Plaintiff arrived home, she went to see a specialist, Dr. Pappas at Holy Cross.

19. Dr. Pappas evaluated Plaintiff's ankle and put Plaintiff in a cast.

20. Additionally, Plaintiff's fall also caused exacerbation to a previously injured shoulder and left her with a "frozen shoulder," for which she had and continues to seek further medical care and treatment.

21. Mrs. Murphy continued to receive treatment to her ankle from additional healthcare providers and also missed work as a direct and proximate result of the alleged negligence.

### COUNT I
#### (Negligence)

22. Plaintiffs incorporate herein by reference each and every preceding paragraph.

23. Defendant and its agents, servants, and/or employees owed a duty of care to Plaintiffs and the public at large including but not limited to provide a staircase and floor surface in a reasonably safe condition, to keep said staircase and floor surfaces up to the applicable building codes, to properly inspect and maintain the staircase and floor surface in a safe

3

condition, and to properly place rugs, mats and/or appropriate floor coating to the staircase and floor surface to allow for an individual exercising due care to be free from the dangerous and defective condition present in the staircase and floor surface that Mrs. Murphy encountered.

24.    Defendant and its agents, servants, and employees either did not possess the appropriate knowledge or failed to abide by their duties to Plaintiff.

25.    As a direct and proximate result of the alleged negligence, Plaintiff sustained injuries to all parts of her body, including but not limited to a fractured ankle and injury and exacerbation of a pre-existing injury to her shoulder.

26.    Furthermore, as a direct and proximate result of the alleged negligence, Plaintiff has and will continue to suffer economic and non-economic damages including but not limited to serious and disabling damage to her body, including but not limited to, damage to her ankle; she has in the past and will in the future incur medical, healthcare, and other expenses, including but not limited to radiology studies, surgery, physical therapy, and other health related expenses; she has and may in the future suffer additional economic damages in the form of lost wages and lost economic opportunity; and she suffered and will continue to suffer pain, suffering, emotional distress, embarrassment, humiliation and disfigurement, all of which is permanent.

**WHEREFORE**, Plaintiff Maria Murphy demands judgment against Defendant in an amount to be determined at trial but believed to be in excess of one hundred thousand dollars ($100,000.00) in damages, plus costs of this suit, and such other and further relief as this Court deems just and proper.

**COUNT II**
**(Loss of Consortium)**

27.    Plaintiffs incorporate by reference herein each and every preceding paragraph.

4

28.    As a direct and proximate result of the negligence, injuries, and damages to Maria Murphy, Plaintiffs have suffered a loss of consortium.

**WHEREFORE**, Plaintiffs demand judgment against Defendants in an amount to be determined at trial but believed to be in excess of one hundred thousand dollars ($100,000.00) in damages, plus costs of this suit, and such other and further relief as this Court deems just and proper.

Dated: October 13 , 2016

Respectfully submitted,

PAULSON & NACE, PLLC

Matthew A. Nace, Bar No. 1011968
1615 New Hampshire Ave., NW
Washington, DC 20009
202-463-1999 – Telephone
202-223-6824 – Facsimile
man@paulsonandnace.com
*Counsel for Plaintiffs*

## Jury Demand

Plaintiff, by and through the undersigned counsel and pursuant to Rule 38 of the District of Columbia Rules of Civil Procedure, hereby demands trial by jury of all issues in this matter.

Matthew A. Nace

5



### SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

SEAN MURPHY et al
Vs.                                                    C.A. No.     2016 CA 007514 B
OMNI HOTELS MANAGEMENT CORPORATION

### INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference *once*, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Robert E. Morin

Case Assigned to: Judge RONNA L BECK
Date:   October 13, 2016
Initial Conference: 9:30 am, Friday, January 13, 2017
Location:   Courtroom 219
            500 Indiana Avenue N.W.

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief    Judge    Robert    E.    Morin

Caio.doc

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
**Civil Division**

| | | |
|---|---|---|
| **MARIA AND SEAN MURPHY** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2016 CA 007514 B** |
| | ) | **Calendar: Judge Ronna L Beck** |
| **OMNI HOTELS MANAGEMENT** | ) | **Next Event: Initial Conference** |
| **CORPORATION** | ) | **January 13, 2017 at 9:30 am** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## DEFENDANT OMNI HOTELS MANAGEMENT CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant Omni Hotels Management Corporation (hereinafter "Defendant"), by and through its attorneys, Justin M. Cuniff and BONNER, KIERNAN, TREBACH & CROCIATA, LLP, and files its Answer and Affirmative Defenses (hereinafter "Answer") in response to Plaintiffs Maria and Sean Murphy's Complaint (hereinafter "Complaint"),  and states as follows:

### ANSWER

In response to the specifically enumerated Paragraphs of the Complaint, Defendant states:

1.      Defendant admits that this Court has jurisdiction

2.      Defendant admits that it was operating a hotel located at 2500 Calvert Street, N.W., Washington, D.C. 20008 on August 30, 2015.

3.      Defendant is currently without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 3 of the Complaint and accordingly denies the same and demands strict proof thereof.

4.      Defendant is currently without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 4 of the Complaint and accordingly denies the same and demands strict proof thereof.

5.      Defendant denies that it owned a hotel located at 2500 Calvert Street, N.W., Washington, D.C. 20008 at all times relevant to this action. Defendant admits that it was operating the Omni Shoreham Hotel located at 2500 Calvert Street, N.W., Washington, D.C. 20008 on August 30, 2015. The remaining allegations in Paragraph 5 call for a legal conclusion to which no response is required. To the extent that additional response is required, Defendant denies the remaining allegations in Paragraph 5 of the Complaint and demands strict proof thereof.

6.      Defendant is currently without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 6 of the Complaint and accordingly denies the same and demands strict proof thereof.

7.      The allegations in Paragraph 7 call for a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 7 of the Complaint and demands strict proof thereof.

8.      Defendant denies the allegations in Paragraph 8 of the Complaint and demands strict proof thereof.

9.      Defendant is currently without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 9 of the Complaint and accordingly denies the same and demands strict proof thereof.

10.     Defendant is currently without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 10 of the Complaint and accordingly denies the same and demands strict proof thereof.

11.     Defendant admits that the stairs inside the entrance of the lobby are marble. Defendant denies the remaining allegations set forth in Paragraph 11 of the Complaint and accordingly denies the same and demands strict proof thereof.

12.     The allegations in Paragraph 12 call for a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 12 of the Complaint and demands strict proof thereof.

13.     Defendant is currently without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 13 of the Complaint and accordingly denies the same and demands strict proof thereof.

14.     The allegations in Paragraph 14 call for a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 14 of the Complaint and demands strict proof thereof.

15.     Defendant is currently without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 15 of the Complaint and accordingly denies the same and demands strict proof thereof.

16.     Defendant is currently without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 16 of the Complaint and accordingly denies the same and demands strict proof thereof.

17.     Defendant is currently without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 17 of the Complaint and accordingly denies the same and demands strict proof thereof.

18.     Defendant is currently without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 18 of the Complaint and accordingly denies the same and demands strict proof thereof.

19.     Defendant is currently without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 19 of the Complaint and accordingly denies the same and demands strict proof thereof.

20.     Defendant denies the allegations in Paragraph 20 of the Complaint and demands strict proof thereof.

21.     Defendant denies the allegations in Paragraph 21 of the Complaint and demands strict proof thereof.

22.     Paragraph 22 of the Complaint adopts Plaintiffs' preceding allegations to which Defendant has previously responded.  To the extent that any additional response is required, Defendant repeats and adopts the responses above as if fully set forth herein.

23.     The allegations in Paragraph 23 call for a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 23 of the Complaint and demands strict proof thereof.

24.     Defendant denies the allegations in Paragraph 24 of the Complaint and demands strict proof thereof.

25.     Defendant denies the allegations in Paragraph 25 of the Complaint and demands strict proof thereof.

26.    Defendant denies the allegations in Paragraph 26 of the Complaint and demands strict proof thereof.

27.    Plaintiff's Complaint contains a prayer for relief, to which no response is required. To the extent that a response is required, Defendant denies the allegations in Plaintiff's prayer for relief and demands strict proof thereof.

28.    Paragraph 27 of the Complaint adopts Plaintiffs' preceding allegations to which Defendant has previously responded.  To the extent that any additional response is required, Defendant repeats and adopts the responses above as if fully set forth herein.

29.    Defendant denies the allegations in Paragraph 28 of the Complaint and demands strict proof thereof.

30.    Plaintiff's Complaint contains a prayer for relief, to which no response is required. To the extent that a response is required, Defendant denies the allegations in Plaintiff's prayer for relief and demands strict proof thereof.

31.    Any allegation within the Complaint not expressly admitted herein is denied and Defendant demands strict proof thereof.

WHEREFORE, Defendant Omni Hotels Management Corporation requests that the Court dismiss the Complaint and award to it any further relief that the Court deems appropriate.


## AFFIRMATIVE DEFENSES

COMES NOW Defendant, by and through its attorneys, Justin M. Cuniff and BONNER, KIERNAN, TREBACH & CROCIATA, LLP, and asserts the following affirmative defenses.

### FIRST DEFENSE
**(Failure to State a Claim)**

Plaintiffs have failed to state a claim upon which relief can be granted.

## SECOND DEFENSE
### (Contributory Negligence)

If Plaintiffs sustained any damages, such were caused or contributed to by the sole and/or contributory negligence of Plaintiffs.

## THIRD DEFENSE
### (Assumption of the Risk)

If Plaintiffs sustained any damages as alleged, such were caused or contributed to by the knowing assumption of risk of Plaintiffs.

## FOURTH DEFENSE
### (Intervening Causation)

Plaintiffs' alleged damages were directly and proximately caused by Plaintiffs' own acts and conduct that intervened between Defendant's acts and conduct and Plaintiffs' alleged damages, thereby barring any recovery by Plaintiffs.

## FIFTH DEFENSE
### (Intervening Act by Third Parties)

Plaintiffs' alleged damages were directly and proximately caused by the acts and conduct of third parties, which intervened between the acts and conduct of Defendant and Plaintiffs' alleged damages, thereby barring any recovery by Plaintiffs from this Defendant.

## SIXTH DEFENSE
### (Intervening Act by Unidentified Third Parties)

Plaintiffs' damages, if any, were caused by intervening and/or superseding acts of omission and/or commission on the part of unknown and/or unnamed third persons or entities over whom this Defendant exercised no authority, dominion or control.

## SEVENTH DEFENSE

**(Causation)**

Plaintiffs' alleged damages are not causally related to the events alleged in the Complaint.

## EIGHTH DEFENSE
### (Failure to Mitigate Damages)

Plaintiffs have failed to take due and appropriate care in the mitigation of Plaintiffs' alleged damages and recovery therefore is barred in whole or in part.

## NINTH DEFENSE
### (Failure to Join Necessary Parties)

Plaintiffs have failed to join all necessary parties.

## TENTH DEFENSE
### (Accord & Satisfaction)

Defendant asserts the defense of accord and satisfaction.

## ELEVENTH DEFENSE
### (Res Judicata/Collateral Estoppel)

Defendant states that the cause or causes of action allegedly set forth in the Complaint are barred by the doctrines of res judicata and/or collateral estoppel.

## TWELFTH DEFENSE
### (Conduct of Agents)

Some or all of Plaintiffs' claims may be barred because the Plaintiffs' alleged damages, if any, were caused by the conduct of Plaintiffs' own agents.

## THIRTEENTH DEFENSE
### (Duty of Care)

Plaintiffs' claims must fail, in whole or in part, because Defendant did not breach any duty of care owed to the Plaintiffs.

## FOURTEENTH DEFENSE
### (Estoppel, Fraud, and Release)

Defendant reserves the right to assert the defenses of estoppel, fraud, and release.

## FIFTEENTH DEFENSE
### (Denial of Allegations)

Defendant denies any allegations not specifically admitted.

## SIXTEENTH DEFENSE
### (Lack of Notice)

Defendant did not have actual or constructive notice of the alleged dangerous condition.

## SEVENTEENTH DEFENSE
### (Reservation of Affirmative Defenses)

Defendant states that it intends to rely on other affirmative defenses that may become available or apparent during discovery, and hereby reserves the right to amend this Answer to assert such defenses.

WHEREFORE, Defendant requests that the Court dismiss with prejudice the Complaint and award it further relief that the Court deems appropriate.

DATED this 31st day of October, 2016.

Respectfully submitted,

OMNI HOTELS MANAGEMENT CORPORATION


_____/s/ Justin M. Cuniff_____

Justin M. Cuniff (Bar #499196)
BONNER KIERNAN TREBACH & CROCIATA, LLP
One Park Place, Suite 425
Annapolis, Maryland 21401
Tel: (443) 263-2800
Fax: (443) 263-2935
Email: jcuniff@bonnerkiernan.com

*Counsel for Defendant Omni Hotels*
*Management Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY THAT on this 4th day of November 2016, the foregoing Defendant Omni Hotels Management Corporation's Answer and Affirmative Defenses, which was electronically filed with the Clerk of the Superior Court for the District of Columbia using the Court's CaseFileXpress system on November 4, 2016 and automatically served on counsel of record for Plaintiffs, Matthew A. Nace (Bar No 1011968), was sent via first class mail, postage prepaid, to Matthew A. Nace (man@paulsonandnace.com), 1615 New Hampshire Avenue, NW, Washington DC 20009.


_____*/s/ Justin M. Cuniff*_____
Justin M. Cuniff (Bar #499196)